## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 05 2015, 8:50 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jeffrey E. Kimmell
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Stewart,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 5, 2015<br><br>Court of Appeals Cause No.<br>71A05-1406-CR-287<br><br>Appeal from the St. Joseph Superior Court.<br>The Honorable Elizabeth C. Hurley, Judge.<br>Cause No. 71D08-1303-MR-7 |

**Baker, Judge.**

[1] James Stewart appeals his conviction for Murder,[1] a felony, and the sentence imposed by the trial court for the conviction. Stewart argues that the trial court erroneously found a witness to be unavailable such that the witness's out-of-court statements were admissible at trial and that the trial court erred by ordering his sentence in this cause to be served consecutively to a sentence being served in another cause. Finding no error, we affirm.

## Facts

[2] On September 17, 1999, Christopher Pierre was fatally shot in the head with a 9mm-caliber pistol. Twelve days later, police officers stopped a vehicle in which Stewart was a passenger. Police found a loaded 9mm-caliber pistol in Stewart's possession that was later determined to be the same firearm that was used to shoot Pierre.

[3] On the night of the incident, Johnny Clark was sitting outside on his porch. Clark saw Pierre, Stewart, and an unknown man talking outside. Clark observed Pierre turn to walk to his car, when Stewart pulled out a firearm and shot Pierre.

[4] On May 15, 2000, the State filed charges against Stewart related to this incident. The State later dismissed those charges without prejudice. On July 1, 2000, the State filed charges of attempted murder and aggravated battery that

---

[1] Ind. Code § 35-42-1-1.

stemmed from an unrelated incident. Stewart was convicted[2] of attempted murder and the aggravated battery charge was dismissed. On March 8, 2001, the trial court sentenced Stewart to twenty-five years imprisonment. His projected release date was August 18, 2014, and he was incarcerated in the Department of Correction on this cause when the State refiled charges related to the murder of Pierre.

[5] On March 1, 2013, the State charged Stewart with the murder of Pierre. At some point during the pretrial phase of the cause, Clark was deposed and stated that he had witnessed Stewart shoot and kill Pierre. Later, Clark wrote several letters saying that he no longer wished to testify because he was afraid of Stewart and Stewart's fellow gang members, who had been threatening Clark.

[6] Stewart's jury trial began on May 12, 2014. At trial, but outside the presence of the jury, the State called Clark to testify. The following exchange took place when Clark was called to the stand:

> State: Mr. Clark, are you the person that has written the court a couple different letters recently concerning your desire not to testify?
>
> Clark: Correct.

---

[2] It is unclear from the record whether Stewart pleaded guilty or was found guilty by a factfinder. Supp. App. p. 174.

State:      Are you telling us today that you are not going to testify?

Clark:      Correct.

State:      You[r] honor.

Court:      Mr. Clark, you understand you have been issued a subpoena by the court directing you to testify in this matter?

Clark:      Yes.

Court:      Are you saying then to this court that despite that subpoena you are still refusing to testify?

Clark:      Yes ma'am.

Court:      Do you understand you can be subject to being held in contempt of court for refusing to obey a court's order to testify in this matter?

Clark:      Yes.

Court:      And you still refuse to do so?

Clark:      Yes.

[Short recess taken]

Court:      I will ask you, Mr. Clark, if you've had a chance to speak with your attorney . . . before making this decision?

| | |
|---|---|
| Clark: | Yes. |
| Court: | So am I correct in saying that you still refuse to testify after both speaking with your attorney and after receiving the court's directive that you must testify in response to the subpoena that was issued to you? |
| Clark: | Yes. |
| Court: | And you are still refusing to testify? |
| Clark: | Yes. |

[7] Tr. p. 247-49. Ultimately, the trial court found that Clark was an unavailable witness and ordered that Clark's deposition would be admitted as a prior sworn statement under oath and that police officers could testify about Clark's statement to them under the exception to the Confrontation Clause for forfeiture by wrongdoing.

[8] The jury found Stewart guilty as charged. On June 11, 2014, the trial court sentenced Stewart to sixty-five years imprisonment and ordered that the sentence be served consecutively to the sentence he was already serving for the attempted murder conviction in another unrelated case. Stewart now appeals.

## Discussion and Decision

## I. Out-of-Court Statements

[9] Stewart first argues that the trial court erroneously concluded that Clark was an unavailable witness for the purpose of admitting his deposition and his

statements to police officers into evidence. Generally, rulings on the admission of evidence are reviewed for an abuse of discretion. *Roberts v. State*, 894 N.E.2d 1018, 1022 (Ind. Ct. App. 2008). Whether a witness is unavailable for the purpose of the Confrontation Clause in the United States Constitution is a question of law subject to de novo review on appeal. *McGaha v. State*, 926 N.E.2d 1050, 1056 (Ind. Ct. App. 2010).

[10] The parties agree that Clark's deposition as well as his statements to the officers constitute hearsay. They also agree that if Clark was unavailable as a witness, the evidence would fall under exceptions to the hearsay rule and the Confrontation Clause. Specifically, the deposition would be admissible as former testimony pursuant to Indiana Rule of Evidence 804(b)(1). The statements to the police officer would be admissible as statements offered against a party that wrongfully caused the declarant's unavailability pursuant to Indiana Rule of Evidence 804(b)(5). *See also Roberts*, 894 N.E.2d at 1023-24 (explaining the forfeiture by wrongdoing doctrine, noting that an exception to the constitutional right to confront witnesses occurs when the defendant procured the witness's unavailability by conduct designed to prevent the witnesses by testifying).

[11] The only issue in dispute on appeal, therefore, is whether the trial court properly concluded that Clark was unavailable as a witness. Indiana Rule of Evidence 804(a)(2) provides that a declarant is considered to be unavailable as a witness if the declarant "refuses to testify about the subject matter despite a court order to do so[.]" Stewart contends that because the trial court never

explicitly ordered Clark to testify while he was on the stand, that Clark cannot be considered unavailable.

[12] We cannot agree with this hair-splitting analysis of the conversation between the trial court and Clark. Initially, the trial court sent a subpoena—a court order—to Clark that he be present in court and testify. Then, once in court, the trial court reminded Clark that he had been issued a subpoena, and Clark still refused to testify. The trial court cautioned Clark that he could be held in contempt for refusing to obey a court order, and Clark said he understood and still refused to testify. Finally, the trial court reminded Clark of "the court's directive that you must testify in response to the subpoena that was issued to you[.]" Tr. p. 249. We find that the content of the conversation between the trial court and Clark suffices to establish that Clark was ordered to testify and refused to do so. Consequently, the trial court erred neither by finding that Clark was unavailable as a witness nor by admitting the deposition and statements to the officers into evidence.

## II. Sentencing

[13] Finally, Stewart argues that the trial court erred by ordering that his sentence in this cause be served consecutively to a sentence he was serving in another, unrelated cause. The decision to impose consecutive sentences lies within the discretion of the trial court. Ind. Code § 35-50-1-2. We will affirm an order of consecutive sentences if it is supported by a statement of the trial court's

reasoning and at least one aggravating circumstance. *McBride v. State*, 992 N.E.2d 912, 919-20 (Ind. Ct. App. 2013), *trans. denied*.

[14]     Stewart points out that at the sentencing hearing, his attorney mistakenly informed the trial court that "if the court finds a firearm was used in the commission of this offense . . . it would be required that this [sentence] be served consecutively to any other case that Mr. Stewart is serving." Sent. Tr. p. 8. While it is true that this is a mistaken statement of the law in application to this case, there is simply no indication that the trial court relied on this statement in sentencing Stewart. Indeed, neither the trial court nor the parties mentioned it again, and the trial court's careful sentencing statement made no reference to it whatsoever. We cannot find that a statement made by a party's own attorney is a sufficient basis on which to overturn or remand a sentence, and we decline to do so.

[15]     In any event, a single aggravating circumstance is sufficient to justify consecutive sentences. *Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012). Here, the trial court found Stewart's lengthy criminal history, the similarity of his past offenses, and his intimidation of Clark as a witness before trial as aggravating circumstances. Stewart does not argue that any of these were improper aggravators. Any one of the three would suffice to support an order of consecutive sentences. We find no error on this basis.

The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.